OPINION
{¶ 1} This is an appeal from a judgment on the pleadings and a summary judgment in favor of the City of Dayton in a civil action on claims for relief alleging bodily injuries and civil rights violations arising from the acts or omissions of *Page 2 
a police officer employed by the City of Dayton ("Dayton").
 {¶ 2} On January 7, 2004, Dayton Police Officer Mary Lou Goodwill-Phillips removed W.P., age thirteen, from the public school where he was enrolled and interrogated him concerning crimes of rape and gross sexual imposition W.P. was suspected of committing. The officer had obtained the permission of W.P.'s mother to speak with him.
 {¶ 3} W.P. made statements during his interrogation by Officer Goodwill-Phillips that incriminated him in the crimes the officer was investigating. W.P. was subsequently charged in Juvenile Court, but his statements were suppressed on findings that his constitutional rights were violated during the interrogation. The charges were later dismissed by the State.
 {¶ 4} W.P. and his mother commenced an action against Dayton and the Montgomery County Education Center, which maintained the school in which W.P. was enrolled. An Amended Complaint (Dkt. 27) alleged common law bodily injury claims and claims brought pursuant to 42 U.S.C. § 1983 for violations of W.P.'s constitutional rights.
 {¶ 5} The trial court granted a Civ. R. 12(C) judgment on the pleadings in favor of the Montgomery County Education Center, and that judgment is not challenged in this appeal. *Page 3 
The court subsequently granted a combined Civ. R. 12(C) motion and a Civ. R. 56 motion for summary judgment filed by Dayton on the claims for relief against it. (Dkt 53). Plaintiffs filed a timely notice of appeal from that judgment and order.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT ON THE PLEADINGS AS WELL AS SUMMARY JUDGMENT WITH REGARDS TO ALL OF APPELLANT'S CLAIMS FOR RELIEF."
 {¶ 7} Plaintiffs' Amended Complaint alleges that the police interrogation to which W.P. was subjected by Officer Goodwill-Phillips proximately resulted in bodily injuries arising from emotional and psychological distress W.P. suffered. The trial court granted a Civ. R. 12(C) motion for judgment on the pleadings that Dayton filed, finding that Dayton is immune from liability on those bodily injury claims pursuant to R.C. 2744.02(B).
 {¶ 8} Officer Goodwill-Phillips is a police employee of Dayton, and Dayton is a "political subdivision" of the State of Ohio. R.C. 2744.01(F). Provision or non-provision of police services by a political subdivision is a "governmental function." R.C. 2744.01(C)(2)(a). Political subdivisions are immune from liability in civil actions for injuries or losses to persons allegedly caused by acts or omissions of their *Page 4 
employees in connection with the political subdivision's governmental functions, R.C. 2744.02(B), except as provided in paragraphs (1)-(5) of that section.
 {¶ 9} Plaintiffs argue that R.C. 2744.02(B)(5) creates an exception to immunity on their bodily injury claims for relief. That section provides:
 {¶ 10} "In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to persons or property when liability is expresslyimposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued." (Emphasis supplied).
 {¶ 11} Plaintiffs do not identify any statutory provision that expressly imposes liability on Dayton in the circumstances alleged in their Amended Complaint. They rely on constitutional guarantees and prohibitions, and refer in general to requirements applicable to juveniles. But, none of those expressly impose liability for their violation. *Page 5 
Therefore, we agree with the trial court that R.C. 2744.02(B)(5) does not apply, and that as a result Dayton is immune from liability pursuant to R.C. 2744.02(B) on Plaintiffs' common law claims for relief alleging bodily injury.
 {¶ 12} Plaintiffs also alleged that W.P.'s rights guaranteed by theFifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated in his interrogation by Officer Goodwill-Phillips, and that Dayton is civilly liable as a result pursuant to 42 U.S.C. § 1983. That section provides that persons acting under color of law are liable for deprivations of another person's federal constitutional rights. R.C. 2744.02(B) provides no immunity from such liability. R.C. 2744.09.
 {¶ 13} It is undisputed that Officer Goodwill-Phillips acted under color of law for purposes of 42 U.S.C. § 1983 in her interrogation of W.P. However, she is not a party-defendant in this action. Dayton may nevertheless be liable under a theory of respondeat superior, as the officer's employer, and that theory is pleaded in Plaintiff's Amended Complaint. In order to prove liability on that account, Plaintiffs must prove that a policy or custom of Dayton was the moving force behind the constitutional violations alleged. *Page 6 Monell v. Dep't. of Social Services (1977), 436 U.S. 658, 98 S.Ct. 2018,56 L.Ed.2d 611.
 {¶ 14} Absent a proclamation or edict, the required policy or custom may be proved by evidence that a practice is so persistent or widespread that a governmental entity's policy-making officers had constructive knowledge of it, but failed with deliberate indifference to correct it. The existence of a policy or custom may also be proved by evidence of similar misconduct in the past, or by evidence of its subsequent ratification by the governmental entity. Miller v. Leesburg (Dec. 1, 1998), Franklin App. Nos. 97APE10-1379 and 1380, p. 20.
 {¶ 15} Dayton moved for summary judgment on Plaintiffs'42 U.S.C. § 1983 claims. Dayton offered the affidavit of Wanda Smith, the Acting Director of the City of Dayton Police Department. Smith identified sections of the Dayton Police Department's Manual of Procedure setting out policies and procedures governing interrogation of juveniles that prohibit the acts or omissions in which Officer Goodwill-Phillips allegedly engaged in her interrogation of W.P. Smith further stated that Dayton Police Officers are trained in matters concerning the juvenile justice system.
 {¶ 16} Dayton's motion and Smith's affidavit imposed a *Page 7 
reciprocal burden on Plaintiffs to offer evidence setting forth specific facts showing that there is a genuine issue of material fact for trial concerning their claim that Officer Goodwill-Phillips followed a custom or policy of Dayton in her interrogation of W.P. Dresher v. Burt (1996),75 Ohio St.3d 280. "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Id., at 293.
 {¶ 17} Plaintiffs asserted in a memorandum contra Dayton's motion for summary judgment that Officer Goodwill-Phillips, in her testimony in the proceeding in the Juvenile Court on W.P.'s motion to suppress, stated "that her tactics are tactics undertaken in the normal course of the law enforcement `business.'" (Dkt 47). The trial court found that assertion insufficient to satisfy Plaintiffs' burden under Dresher because it was not set out in any of the evidentiary materials identified in Civ. R. 56(C), which also provides: "No evidence or stipulation may be considered except as stated in this rule."
 {¶ 18} Plaintiffs make the same assertion on appeal concerning Officer Goodwill-Phillips' testimony in the Juvenile Court proceeding. They further contend that transcripts of such testimony are maintained under seal by the *Page 8 
Juvenile Court. Plaintiffs do not state that they asked the Juvenile Court to unseal its record, and absent that we must presume that no such request was made. That left the trial court in the present case with Plaintiffs' bare assertion, which is nonconforming evidence that the court was not obligated to consider. Armaly v. City of Wapakoneta, Auglaize App. No. 2-05-45, 2006-Ohio-3629.
 {¶ 19} The trial court did not err in granting summary judgment for Dayton on its motion, because Wanda Smith's affidavit, if believed, demonstrates that the alleged acts or omissions of Officer Goodwill-Phillips in her interrogation of W.P. on which his42 U.S.C. § 1983 claims for relief against Dayton are founded are not the product of a policy or custom of the City of Dayton, evidence of which is necessary in order for Plaintiffs to prove those claims for relief on the theory of respondeat superior on which Plaintiffs rely.
 {¶ 20} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
Charles W. Slicer, III, Esq.
 Shannon M. Potts, Esq. *Page 9 
 Hon. Dennis J. Langer *Page 1