CHANEY, Gdn., et al., Appellees,

v.

CITY OF NORWOOD et al., Appellants.

[Cite as *Chaney v. Norwood*, 189 Ohio App.3d 124, 2010-Ohio-3434.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090800.

Decided July 23, 2010.

Robert G. Kelly, for appellees.

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, and Kurt M. Irey, for appellants.

Per Curiam.

{¶ 1} Plaintiffs-appellees, Barbara Chaney, as guardian of Harry Lehman, Norman Lewis, Quinton Price, and Wayne and Veronica Richards, are residents of Norwood ("the residents") who filed suit against defendants-appellants, the city of Norwood, Norwood Mayor Thomas Williams, and Norwood Public Safety–Service Director Joseph Geers. The residents alleged that appellants had improperly prosecuted them for violations of Norwood ordinances and sections of Norwood's Building and Property Maintenance Code that had not been properly published and, accordingly, were not valid laws.

{¶ 2} Both the residents and appellants filed motions for summary judgment. Appellants proffered various reasons why summary judgment should be granted in their favor. As relevant to this appeal, they asserted that they were entitled to statutory immunity pursuant to R.C. Chapter 2744. The trial court denied both motions for summary judgment. It specifically stated that appellants were not entitled to statutory immunity.

{¶ 3} Appellants have appealed from the trial court's denial of their motion for summary judgment. Typically, the denial of a motion for summary judgment is not a final, appealable order. But R.C. 2744.02(C) states that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit

of an alleged immunity from liability * * * is a final order." Consequently, this court has jurisdiction over this appeal.

{¶ 4} In one assignment of error, the city of Norwood, Williams, and Geers argue that the trial court erred in failing to grant them summary judgment on the basis of statutory immunity pursuant to R.C. Chapter 2744. We hold that the trial court properly determined that the city of Norwood was not entitled to statutory immunity. But we further hold that Mayor Williams and the director of Public Service–Safety, Geers, were entitled to immunity and should have been granted summary judgment.

### Standard of Review

{¶ 5} This court reviews a trial court's ruling on a motion for summary judgment de novo.[1] Summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion, and that conclusion is adverse to the nonmoving party.[2]

### Norwood and R.C. 2744.02

{¶ 6} We first consider the issue of statutory immunity with respect to the city of Norwood. R.C. 2744.02(A) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Norwood argues that this provision entitled it to statutory immunity in this case.

{¶ 7} The acts at issue were the allegedly improper enforcement of Norwood ordinances and Norwood's Building and Property Maintenance Code. Neither party disputes that these actions were properly classified as governmental functions.[3] Consequently, R.C. 2744.02(A) appears to have provided Norwood with an initial grant of statutory immunity.[4] But our analysis does not end here.

{¶ 8} The residents argue that under R.C. 2744.09, their claims against Norwood are exempt from an immunity defense. R.C. 2744.09(E) states, "This chapter does not apply to, and shall not be construed to apply to, * * * [c]ivil

---

1. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

2. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

3. See R.C. 2744.01(C).

4. R.C. 2744.02(B) lists five exceptions to statutory immunity. None is applicable in this case.

claims based upon alleged violations of the constitution or statutes of the United States." This provision clearly exempts all claims for alleged violations of federal statutes and the United States Constitution from a defense of immunity.[5]

{¶ 9} Because the residents' complaint raises claims that fall under the purview of R.C. 2744.09(E),[6] the trial court properly declined to grant the city of Norwood statutory immunity. In this respect, we note that the parties have not identified how the complaint might be read to state a cognizable claim under state law.

### Norwood Employees and R.C. 2744.03

{¶ 10} We employ a different analysis to determine whether Norwood employees Thomas Williams and Joseph Geers were entitled to statutory immunity. R.C. 2744.03(A)(6) provides that an employee of a political subdivision is immune from liability unless "[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code."

{¶ 11} Neither Williams nor Geers was acting manifestly outside the scope of his employment, and no section of the Revised Code expressly imposed liability in this situation. So we limit our analysis to determine whether the two city employees acted with malicious purpose, in bad faith, or in a wanton or reckless manner. In this context, this court has defined malice as "the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified."[7] And we have explained bad faith as "conduct that involves 'a dishonest purpose, conscious wrongdoing, the breach of a known duty through some ulterior motive or ill-will partaking of the nature of fraud, or an actual intent to mislead or deceive another.'"[8] Lastly, case law indicates that one acts recklessly when he or she engages in a perverse disregard of a known risk.[9]

{¶ 12} The residents argue that Williams and Geers acted in the statutorily prohibited manner by continuing to prosecute Norwood residents for violations of

---

5. See *Viola Park, Ltd. v. Pickerington*, 5th Dist. No. 2008–CA–00052, 2010-Ohio-584, ¶ 39.

6. For example, the complaint raises a federal claim under Section 1983, Title 42, U.S.Code.

7. *Norwell v. Cincinnati* (1999), 133 Ohio App.3d 790, 813, 729 N.E.2d 1223, citing *Cole v. Crowthers* (Oct. 12, 1994), 1st Dist. No. C–930767, 1994 WL 556958.

8. Id.; accord *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, paragraph two of the syllabus.

9. *Jackson v. Butler Cty. Bd. of Commrs.* (1991), 76 Ohio App.3d 448, 454, 602 N.E.2d 363.

Norwood ordinances and Norwood's Building and Property Maintenance Code after a court had dismissed charges under these laws on the ground that they had not been properly published. According to the residents, continued prosecution with knowledge of the improper publication demonstrated malice, bad faith, and reckless behavior. The record contains some supporting documentation for the residents' allegations. But the record further indicates that it was Norwood's assistant law director, not Williams or Geers, who had knowledge that the charges against the residents had been dismissed on the ground of improper publication.

{¶ 13} Following our review of the record, we conclude that there was not a sufficient nexus to impute the knowledge of Norwood's assistant law director to Williams and Geers, at least to the extent necessary to demonstrate that they acted in a malicious or reckless manner. The Revised Code purposely provides for a high threshold that must be overcome before an employee of a political subdivision is denied immunity. In this case, we are not persuaded that the threshold has been met. The residents' complaint contains troubling allegations. But on this record, we cannot conclude that Williams and Geers acted with malice, in bad faith, or in a reckless or wanton manner.

{¶ 14} Williams and Geers were entitled to the protections of statutory immunity. Accordingly, the trial court erred in failing to grant them summary judgment.

{¶ 15} In summary, we overrule the sole assignment of error with respect to the city of Norwood, to whom the trial court correctly denied statutory immunity. But the assignment of error is sustained with respect to Williams and Geers, who were entitled to summary judgment because they were statutorily immune from the residents' claims. Accordingly, we affirm the denial of summary judgment to the city of Norwood. But we reverse the order denying summary judgment to Williams and Geers. This cause is remanded to the trial court for the entry of judgment in their favor in accordance with the terms of this decision, and for further proceedings on the claims against the city.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SUNDERMANN, P.J., and HENDON and MALLORY, JJ., concur.