SUMMERVILLE, ADMR., APPELLEE, *v*. CITY OF FOREST PARK ET AL.,

APPELLANTS.

[Cite as *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280.]

*An order denying a motion for summary judgment in which an employee of a political subdivision sought immunity from claims brought under Section 1983, Title 42, U.S.Code is a final, appealable order pursuant to R.C. 2744.02(C).*

(No. 2009-2106 — Submitted October 12, 2010 — Decided December 27, 2010.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-090708.

_____

SYLLABUS OF THE COURT

An order denying a motion for summary judgment in which an employee of a political subdivision sought immunity from claims brought under Section 1983, Title 42, U.S.Code is a final, appealable order pursuant to R.C. 2744.02(C).

_____

O'CONNOR, J.

{¶ 1} In this appeal, we reconcile R.C. 2744.02(C) with R.C. 2744.09(E) and determine whether the denial of a motion for summary judgment in which a political subdivision or its employee sought federal qualified immunity from claims brought under Section 1983, Title 42, U.S.Code is a final, appealable order.

{¶ 2} R.C. Chapter 2744 governs political-subdivision immunity. Pursuant to R.C. 2744.02(C), orders denying employees of a political subdivision

immunity from liability under any provision of law are final, appealable orders. R.C. 2744.01(D) defines the term "law" to include federal laws.

{¶ 3} R.C. 2744.09 sets forth exceptions to the applicability of R.C. Chapter 2744. Pursuant to R.C. 2744.09(E), the chapter does not apply to civil claims based upon alleged violations of the federal constitution or statutes.

{¶ 4} R.C. 2744.02(C) and 2744.09(E) conflict inasmuch as the former specifically applies to immunity allowed under any provision of law, including federal law, while the latter precludes application of the chapter to civil actions premised on alleged violations of federal law. As the more recent and more specific statute, R.C. 2744.02(C) prevails over R.C. 2744.09(E). Accordingly, we hold that an order denying a motion for summary judgment in which an employee of a political subdivision sought federal qualified immunity from claims brought under Section 1983, Title 42, U.S.Code is a final, appealable order pursuant to R.C. 2744.02(C).

### Relevant Background

{¶ 5} Appellants Adam Pape and Corey Hall are police officers for appellant city of Forest Park, Ohio. On September 15, 2005, Officers Pape and Hall responded to a 9-1-1 telephone call from appellee, Leola Summerville, who reported that her husband, Roosevelt Summerville, may have committed suicide. Officer Pape saw Mr. Summerville stab himself in the chest multiple times with what looked like a knife. He ordered Mr. Summerville to stop stabbing himself, and when Mr. Summerville refused to comply with the order, Officer Pape deployed his taser. The taser did not subdue Mr. Summerville, who lunged at Officer Pape with the knife. Officers Pape and Hall simultaneously shot Mr. Summerville. He died as a result of the gunshot wounds.

{¶ 6} On September 6, 2007, Mrs. Summerville, individually and in her capacity as administrator of her husband's estate, filed a complaint against Forest

2

Park, Police Chief Kenneth Hughes, and Officers Pape and Hall, asserting causes of action for (1) excessive use of force under Section 1983, (2) deliberate indifference in failing to provide adequate medical care under Section 1983, (3) deliberate indifference in failing to adequately train under Section 1983, (4) wrongful death under R.C. 2125.01, (5) negligent infliction of emotional distress, and (6) loss of consortium.

{¶ 7} Appellants and Police Chief Hughes moved for summary judgment on all claims. They argued that they were entitled to immunity on the state-law claims pursuant to R.C. Chapter 2744. Hughes, Pape, and Hall also claimed that they were entitled to federal qualified immunity[1] for the alleged violations of Section 1983. Forest Park did not claim immunity relating to Summerville's Section 1983 claims. Instead, the city argued that the doctrine of respondeat superior did not apply and therefore it was not liable for the officers' conduct.

{¶ 8} The trial court granted summary judgment in favor of appellants on the state-law claims and the Section 1983 claim for deliberate indifference in failing to provide adequate medical care. The court also granted summary judgment in favor of Police Chief Hughes on all claims. The trial court denied

---

1. {¶ a} Section 1983, Title 42 of the U.S.Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." To establish a claim under this section, a plaintiff must show that (1) the conduct in question was committed by a person acting under color of state law and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the United States Constitution or other federal law. *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 34, 550 N.E.2d 456.

{¶ b} Public officials, including police officers, who perform discretionary functions generally are shielded from liability for civil damages in a Section 1983 action by federal qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." See *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396.

summary judgment to Officers Pape and Hall with respect to Summerville's Section 1983 claim for excessive force and to the city on the Section 1983 claim for deliberate indifference in failing to adequately train.

{¶ 9} Appellants appealed the trial court's denial of summary judgment on the Section 1983 claims to the First District Court of Appeals. The notice of appeal was filed pursuant to the authority of R.C. 2744.02(C), because the appeal related to the denial of qualified immunity to Officers Pape and Hall. The city requested that the court of appeals exercise pendent appellate jurisdiction over its claimed errors because "the issues involving the City of Forest Park's appeal [were] inextricably intertwined with the issues relating to the appeal of defendants, Adam Pape and Corey Hall."

{¶ 10} Summerville moved to dismiss the appeal. She argued that R.C. Chapter 2744 did not apply to claims brought pursuant to Section 1983, and, therefore, the trial court's denial of summary judgment was not a final, appealable order. The court of appeals granted Summerville's motion and dismissed the appeal without issuing an opinion. We accepted discretionary review of appellants' sole proposition of law, which states: "A trial court's decision overruling a Motion for Summary Judgment in which a political subdivision or its employee sought immunity from claims brought pursuant to 42 U.S.C. § 1983 is an order denying 'the benefit of an alleged immunity' and is, therefore, a final appealable order under R.C. 2744.02(C)."[2] *Summerville v. Forest Park*, 124 Ohio St.3d 1473, 2010-Ohio-354, 921 N.E.2d 245**.**

---

2. In addition to the proposition of law that this court accepted for review, appellants now ask us to adopt the pendent-appellate-jurisdiction doctrine to allow immediate appeals of claims against municipal defendants when they are closely intertwined with the claims of qualified immunity. Having dismissed the appeal in its entirety, the court of appeals did not reach the merits of appellants' pendent-jurisdiction argument. Furthermore, appellants did not raise this issue as a proposition of law in their memorandum in support of jurisdiction. We decline appellants' invitation to consider application of the doctrine in this appeal.

## Analysis

{¶ 11} " 'It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.' " *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. The denial of summary judgment generally is not a final, appealable order. Id., citing *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 24, 37 O.O.2d 358, 222 N.E.2d 312. However, appellants argue that pursuant to R.C. 2744.02(C), the denial of a motion for summary judgment in which a political subdivision or its employee sought federal qualified immunity from claims brought under Section 1983 is a final, appealable order and, therefore, is an exception to the general rule.

{¶ 12} Under R.C. 2744.02(C), "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 13} In *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 2, we held that pursuant to R.C. 2744.02(C), "when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order." In that case, we reversed the dismissal of an appeal from the denial of summary judgment on a claim of state-law immunity.

{¶ 14} We expanded upon *Hubbell* in *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, stating: "R.C. 2744.02(C) * * * makes final an order denying a political subdivision the benefit of an alleged immunity from liability. * * * Therefore, there is no reason for a trial court to certify under Civ.R. 54(B) that 'there is no just cause for delay.' When the denial of political-subdivision immunity is concerned, the trial court has no discretion to

determine whether to separate claims or parties and permit an interlocutory appeal." Id. at ¶ 12, citing *Hubbell* at ¶ 27.

{¶ 15} Although *Hubbell* and *Sullivan* involved state-law immunity, R.C. 2744.02(C) expressly applies to the denial of the benefit of an alleged immunity as provided in any provision of law. R.C. 2744.01(D) defines the term "law" for purposes of R.C. Chapter 2744 and provides that "law" means "any provision of the constitution, statutes, or rules of the United States or of this state." Accordingly, the express terms of R.C. 2744.01(D) and 2744.02(C) render the denial of immunity afforded under state or federal law a final, appealable order.

{¶ 16} However, pursuant to R.C. 2744.09(E), R.C. Chapter 2744 does not apply to "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions." This case involves a civil action, and the allegations in question are based upon federal law – Section 1983. And Officers Pape and Hall claim federal qualified immunity. Appellee argues that because R.C. 2744.09(E) renders R.C. Chapter 2744 inapplicable to civil actions based on alleged violations of federal laws, R.C. 2744.02(C) does not apply and the trial court's denial of appellants' motion for summary judgment is not a final, appealable order.

{¶ 17} We must construe the statutes to determine whether R.C. 2744.09(E) renders R.C. 2744.02(C) inapplicable to this case. We hold that it does not.

*Statutory Interpretation*

{¶ 18} "We must first look to the plain language of the statute itself to determine the legislative intent." *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11, citing *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. "We apply a statute as it is written when its

meaning is unambiguous and definite." Id., citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52; see also *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463.

{¶ 19} "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77, citing *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 404 N.E.2d 159. "The primary rule in statutory construction is to give effect to the legislature's intention." Id. at 97, citing *Carter v. Youngstown* (1946), 146 Ohio St. 203, 32 O.O.184, 65 N.E.2d 63, paragraph one of the syllabus.

*R.C. 2744.02(C) and R.C. 2744.09(E) Conflict*

{¶ 20} The parties argue that the statutory provisions in this case are clear and unambiguous. However, each side sets forth a conflicting interpretation of the statutes.

{¶ 21} Appellants argue that R.C. 2744.02(C) clearly allows an immediate appeal from the denial of immunity pursuant to any provision of the law, including federal laws. They argue that if the General Assembly had intended that R.C. 2744.02(C) apply only to the denial of immunity pursuant to R.C. Chapter 2744, it would not have added the language "or any other provision of the law" to that section.

{¶ 22} Conversely, appellee argues that R.C. 2744.09(E) plainly forbids the application of R.C. Chapter 2744, including R.C. 2744.09(C), to civil claims brought pursuant to federal law and, therefore, the denial of federal qualified immunity is not a final, appealable order. Appellee contends that the clarity of the statutory scheme is evidenced by the fact that appellate courts across Ohio have

uniformly refused to apply R.C. Chapter 2744 to federal causes of action under Section 1983. *W.P. v. Dayton*, Montgomery App. No. 22549, 2009-Ohio-52, ¶ 12; *Campbell v. Youngstown*, Mahoning App. No. 06 MA 184, 2007-Ohio-7219, ¶ 15; and *Patton v. Wood Cty. Humane Soc.*, 154 Ohio App.3d 670, 2003-Ohio-5200, 798 N.E.2d 676, ¶ 33. Appellee correctly notes that pursuant to R.C. 2744.09(E), the courts of appeals in these cases refused to grant immunity under R.C. Chapter 2744 in actions alleging violations of federal rights that were brought under Section 1983. However, these cases are inapposite because they deal with the grant of immunity. These cases did not consider the interplay between R.C. 2744.02(C) and 2744.09(E) for determining whether the denial of immunity is a final, appealable order.

{¶ 23} Moreover, contrary to appellee's argument, Ohio courts of appeals have applied R.C. 2744.02(C) as authority to review denials of immunity in relation to claims brought under Section 1983. See *Hunt v. Morrow Cty.*, Morrow App. No. 08 CA 13, 2009-Ohio-4313, ¶ 22-23, 53-61 (noting that the trial court's denial of summary judgment was a final, appealable order pursuant to R.C. 2744.02(C) and reversing the trial court's denial of summary judgment based on the appellants' claim of qualified immunity for alleged violations of Section 1983); *Paul C. Harger Trust v. Morrow Cty. Regional Planning Comm.*, Morrow App. No. 03-CA-19, 2004-Ohio-6643, ¶ 24, 29-30 (stating that the trial court's denial of the appellants' motion for judgment on the pleadings was final and appealable pursuant to R.C. 2744.02(C), but affirming the denial because under R.C. 2744.09(E), appellants were not entitled to state-law immunity on the appellees' Section 1983 claims); *Chaney v. Norwood*, 189 Ohio App.3d 124, 2010-Ohio-3434, 937 N.E.2d 634, ¶ 3, 9 (concluding that the court had jurisdiction over the appeal because pursuant to R.C. 2744.02(C), the denial of appellants' motion for summary judgment was a final, appealable order and

holding that because the appellees' complaint alleged federal claims, including alleged violations of Section 1983, the appellants were not entitled to state-law immunity pursuant to R.C. 2744.09(E)). However, like the cases cited by appellee, these courts did not expressly consider the interplay between R.C. 2744.02(C) and 2744.09(E).

{¶ 24} "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning* (1996), 76 Ohio St.3d 126, 128, 666 N.E.2d 1115. When construed together, R.C. 2744.02(C) and 2744.09(E) conflict. Accordingly, we must resort to statutory interpretation and construe the statutes so as to give effect to the legislature's intent.

*The More Recent and Specific Statute Prevails*

{¶ 25} Appellants argue that as the more recent and more specific statute, R.C. 2744.02(C) prevails over R.C. 2744.09(E). We agree.

{¶ 26} "Utilizing the rules of statutory construction contained in R.C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises." *Davis v. State Personnel Bd. of Rev.* (1980), 64 Ohio St.2d 102, 105, 18 O.O.3d 345, 413 N.E.2d 816.

{¶ 27} Pursuant to R.C. 1.51, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C. 1.52(A) provides: "If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails."

**{¶ 28}** We have already determined that a conflict exists between R.C. 2744.02(C) and 2744.09(E). R.C. 1.51 requires that initially, we attempt to reconcile the statutes, if possible, to give effect to both. *In re Petition to Annex 320 Acres to S. Lebanon* (1992), 64 Ohio St.3d 585, 594, 597 N.E.2d 463.

**{¶ 29}** Appellants attempt to reconcile the statutes by arguing that R.C. 2477.09(E) means only that the immunities set forth in R.C. Chapter 2744 do not apply to federal claims and that the section does not apply to procedural dictates set forth in the chapter, including the final-and-appealable order provision contained in R.C. 2744.02(C). Appellants' argument ignores the clear statutory language in R.C. 2477.09(E) that states that the entire chapter (with the exception of R.C. 2744.07[3]) does not apply to civil actions based on alleged violations of federal law.

**{¶ 30}** Appellee attempts to harmonize the provisions by explaining that although R.C. 2744.02(C) will generally render orders denying alleged immunity to political subdivisions and their employees immediately appealable, the provision does not apply to the class of cases that the General Assembly excluded from the dictates of R.C. Chapter 2744 by virtue of the language in R.C. 2744.09. Appellee contends that such an interpretation would not render meaningless the "any other provision of the law" language in R.C. 2744.02(C), because "federal claims are far from the only potential source of immunity from liability for political subdivisions." By way of example, appellee cites R.C. 2305.34 (providing immunity from certain tort liability for water-supply operators) and R.C. 2305.39 (providing immunity from liability for damages by persons responding to oil discharges). Appellee's attempt to reconcile the statutes fails. Appellee's interpretation of the statutes would preclude application of R.C.

---

3. R.C. 2744.07 relates to the duty of political subdivisions to defend and indemnify employees and is not at issue in the present appeal.

2744.02(C) to claims brought under federal law. This interpretation ignores the fact that R.C. 2744.02(C) expressly applies to immunity available under any provision of law and that R.C. 2744.01(D) defines the term "law" to include federal law.

{¶ 31} By virtue of the definition set forth in R.C. 2744.01(D), R.C. 2744.02(C) expressly applies to the denial of immunity under federal law. At the same time, R.C. 2744.09(E) forbids the application of the chapter (including R.C. 2744.02(C) and 2744.01(D)) to civil actions based on federal law. These statutes cannot be reconciled and applied so as to give effect to both. Accordingly, we must continue with the analysis under R.C. 1.51 and 1.52.

{¶ 32} Applying the rules of statutory construction set forth in R.C. 1.51 and 1.52, we note that a specific statute will prevail unless the general statute can be shown to be the later adoption of the two and the manifest intent of the General Assembly was to have the general provision control. *In re Petition to Annex*, 64 Ohio St.3d at 594, 597 N.E.2d 463.

{¶ 33} R.C. 2744.02(C) is both the more recent and the more specific statutory provision. R.C. 2744.02(C) was enacted in 2003.[4] Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500. R.C. 2744.09(E) was enacted almost two decades earlier, in 1985. Am.Sub.H.B. No. 176, 141 Ohio Laws, Part I, 1699. Further, R.C. 2744.09(E) generally states that the chapter does not apply to any civil action based on alleged violations of federal law; by contrast, R.C. 2744.02(C) specifically provides that an order denying an employee of a political

---

4. The legislature attempted to amend R.C. 2744.02(C) to include the relevant language in 1997. Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867. See *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 190-191, 743 N.E.2d 901. However, this court held that Am.Sub.H.B. No. 350 violated the one-subject provision of Section 15(D), Article II of the Ohio Constitution and declared the bill unconstitutional in toto. *State ex rel Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three of the syllabus. The legislature amended R.C. 2744.02(C) again in 2002 Am.Sub.S.B. No. 106, which became effective April 9, 2003.

subdivision the benefit of an alleged immunity from liability under any provision of law (including federal law by virtue of R.C. 2744.01(D)) is a final, appealable order. Pursuant to R.C. 1.51 and 1.52, as the more recent and specific statute, R.C. 2744.02(C) prevails. Accordingly, a trial court's decision denying a motion for summary judgment in which an employee of a political subdivision sought qualified immunity from claims brought pursuant to Section 1983 is a final, appealable order under R.C. 2744.02(C).

*The Maxim Expressio Unius Est Exclusio Alterius Does Not Apply*

{¶ 34} Appellee argues that under the maxim expressio unius est exclusio alterius, a statute that specifies one exception to a general rule is assumed to exclude all other exceptions. See *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 224-225, 680 N.E.2d 997. Applying this maxim, appellee argues that because R.C. 2744.09 lists one exception to the rule that R.C. Chapter 2744 does not apply to civil claims based upon alleged violations of federal law – that the provisions of R.C. 2744.07 apply to such claims – the General Assembly's failure to list any other exceptions illustrates its intent that no other exceptions apply to the general prohibition. We disagree.

{¶ 35} "[T]he canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.* (2003), 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653, citing *United States v. Vonn* (2002), 535 U.S. 55, 65, 122 S.Ct. 1043, 152 L.Ed.2d 90. The United States Supreme Court explained in *Chevron U.S.A., Inc. v. Echazabal* (2002), 536 U.S. 73, 81, 122 S.Ct. 2045, 153 L.Ed.2d 82:

{¶ 36} "Just as statutory language suggesting exclusiveness is missing, so is that essential extrastatutory ingredient of an expression-exclusion

demonstration, the series of terms from which an omission bespeaks a negative implication. The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, which is abridged in circumstances supporting a sensible inference that the term left out must have been meant to be excluded."

{¶ 37} We are not persuaded by appellee's argument that by including one exception to the broad language in R.C. 2744.09(E), the legislature intended to preclude all other exceptions. R.C. 2744.09(E) does not contain a series of exceptions that illustrates the General Assembly's intent that terms left out must have been intentionally excluded. Further, R.C. 2744.02(C) was enacted almost two decades after R.C. 2744.09(E). The legislature did not specifically exclude R.C. 2744.02(C) from the prohibition of R.C. 2744.09(E), because the provision did not yet exist.

*Legislative Policy Considerations*

{¶ 38} Our holding is consistent with legislative policy considerations. The General Assembly enacted R.C. Chapter 2744, stating that "the protections afforded to political subdivisions and employees of political subdivisions by this act are urgently needed in order to ensure the continued orderly operation of local governments and the continued ability of local governments to provide public peace, health, and safety services to their residents." Am.Sub.H.B. No. 176, Section 8, 141 Ohio Laws, Part I, 1733. We noted in *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, that " '[t]he manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions.' " Id. at ¶ 23, quoting *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 453, 639 N.E.2d 105.

{¶ 39} We also note that judicial economy is better served by a plain reading of R.C. 2744.02(C). Id. at ¶ 24. " '[D]etermination of whether a political

subdivision is immune from liability is usually pivotal to the ultimate outcome of a lawsuit. Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties. If the appellate court holds that the political subdivision is immune, the litigation can come to an early end, with the same outcome that otherwise would have been reached only after trial, resulting in a savings to all parties of costs and attorney fees. Alternatively, if the appellate court holds that immunity does *not* apply, that early finding will encourage the political subdivision to settle promptly with the victim rather than pursue a lengthy trial and appeals. Under either scenario, both the plaintiff and the political subdivision may save the time, effort, and expense of a trial and appeal, which could take years.' " (Emphasis sic.) Id. at ¶ 25, quoting *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 199-200, 718 N.E.2d 912 (Lundberg Stratton, J., dissenting). " 'As the General Assembly envisioned, the determination of immunity could be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses * * *.' " Id. at ¶ 26, quoting *Burger* at 200 (Lundberg Stratton, J., dissenting).

{¶ 40} These policy considerations apply equally whether the immunity in question is based on R.C. Chapter 2744 or another provision of the law, including federal qualified immunity. Indeed, federal courts have applied a similar rationale in holding that orders denying a public official the benefit of qualified immunity are final and appealable. See, e.g., *Mitchell v. Forsyth* (1985), 472 U.S. 511, 525-530, 105 S.Ct. 2806, 86 L.Ed.2d 411. Qualified immunity "is an *immunity from suit* rather than a mere defense to liability; * * * it is effectively lost if a case is erroneously permitted to go to trial." (Emphasis sic.) Id. at 526. Qualified immunity provides immunity not only from liability but from the "consequences" of a suit, including " 'the general costs of subjecting officials to the risks of trial–distraction of officials from their governmental duties, inhibition of discretionary

action, and deterrence of able people from public service.' " Id., quoting *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 816, 102 S.Ct. 2727, 73 L.Ed.2d 396. Failure to give effect to the language of R.C. 2744.02(C) by barring immediate appeal of denials of qualified immunity for alleged violations of Section 1983 would defeat the purpose for which the immunity exists.

## Conclusion

{¶ 41} Pursuant to R.C. 2744.02(C), an order that denies an employee of a political subdivision immunity from liability under any provision of law is a final order. Although this section conflicts with R.C. 2744.09(E), R.C. 2744.02(C) prevails as the more recent and specific statute. Accordingly, an order denying a motion for summary judgment in which a political subdivision or its employee sought federal qualified immunity from claims brought under Section 1983 is a final, appealable order pursuant to R.C. 2744.02(C).

{¶ 42} The court of appeals erred in dismissing the officers' appeal. Accordingly, we reinstate the appeal and remand the cause to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

BROWN, C.J., and PFEIFER and LANZINGER, JJ., dissent.

—————————

**BROWN, C.J., dissenting.**

{¶ 43} Today the majority holds that the denial of qualified immunity in a Section 1983, Title 28, U.S.Code action in state court that disposes of less than all claims against all parties is immediately appealable. Because the statute governing the appealability of an order denying a political subdivision or its

employee the benefit of immunity from liability does not apply to civil claims based upon alleged violations of federal statutes, I respectfully dissent.

**{¶ 44}** R.C. 2744.02(C) provides:

**{¶ 45}** "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

**{¶ 46}** Appellants claim that the phrase, "or any other provision of the law," means that the statute applies to actions brought under federal law, including Section 1983 actions in Ohio courts. Appellants bolster their argument with the definition of "laws" in R.C. 2744.01(D), which provides:

**{¶ 47}** " 'Law' means any provision of the constitution, statutes, or rules of the United States or of this state * * *."

**{¶ 48}** Thus, according to appellants, the phrase "or any other provision of the law" in R.C. 2744.02(C) expressly includes federal laws, such as Section 1983, by operation of the definition of "law" in R.C. 2744.01(D).

**{¶ 49}** However, R.C. 2744.09(E) prohibits application of any statute in R.C. Chapter 2744, including R.C. 2744.02(C), to a cause of action under federal law, such as the federal statutory causes of action at issue here. R.C. 2744.09(E) provides:

**{¶ 50}** "This chapter does not apply to, and shall not be construed to apply to, the following:

**{¶ 51}** "* * *

**{¶ 52}** "(E) Civil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions."

**{¶ 53}** Thus, under the express terms of R.C. 2744.09, the chapter does not apply to claims brought under federal law.

16

**{¶ 54}** I recognize that there is a tension between these two statutes, but unlike the majority, I do not find these two statutes irreconcilable. A reasonable construction of these two statutes would be a harmonizing construction, under which an order denying immunity may be appealed immediately under R.C. Chapter 2744 or any other provision of law, except those provisions expressly exempted from the chapter by R.C. 2744.09(E). Accordingly, R.C. Chapter 2744 and its procedural dictates do not apply to civil claims based upon alleged violations of federal constitutional or statutory law. This reading is reasonable, harmonizes both statutes, and avoids the majority's resort to a rule of statutory construction that renders the language of R.C. 2744.09(E) meaningless.

**{¶ 55}** Accordingly, we should apply the ordinary rules regarding final, appealable orders to this case. For an order to be appealable, it must satisfy both R.C. 2505.02 and Civ.R. 54. Under the general rules, a court of appeals first applies R.C. 2505.02(B)(1) to determine whether the order "affects a substantial right and whether it in effect determines an action and prevents a judgment." *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. If the trial court order is determined to be "final" under R.C. 2505.02, the court of appeals looks for certifying language from the trial court as required by Civ.R. 54(B) that "there is no just reason for delay." Id. The trial court's use of Civ.R. 54(B) certification is a matter of discretion. Id.

**{¶ 56}** The order in this case is not a final order under R.C. 2505.02 and Civ.R. 54, because it is lacking the certification required by Civ.R. 54. Thus, it fails to meet the procedural criteria of the final order analysis.

**{¶ 57}** And the order fails to qualify in substance as a final order under R.C. 2505.02 as well. As a number of courts of appeals have already determined, an order denying qualified immunity under Section 1983 on a motion for summary judgment is not a final order, because it "merely postpones the final

disposition of both the immunity claim and the merits of the case until trial." *Martynyszyn v. Budd*, 7th Dist. No. 03-MA-250, 2004-Ohio-4824, ¶ 17; *Ohio Civ. Serv. Emp. Assn. v. Moritz* (1987), 39 Ohio App.3d 132, 133, 529 N.E.2d 1290; *Shane v. Tracy*, (Aug. 24, 2000), 8th Dist. No. 77025, 2000 WL 1222016. Thus, the order is not final under R.C. 2505.02(B)(1), because it does not "determine[] the action and prevent[ ] a judgment."

## Conclusion

**{¶ 58}** For the foregoing reasons, I would construe R.C. 2744.02(C) and 2744.09(E) in a manner that would harmonize and give effect to both. In my view, the phrase "any other provision of the law" in R.C. 2744.02(C) is limited to those provisions of law that apply to the chapter under R.C. 2744.09(E). I would hold that the city and its officers have no right to appeal the trial court's order because it was not a final, appealable order, and I would affirm the dismissal of this case by the court of appeals.

PFEIFER and LANZINGER, JJ., concur in the foregoing opinion.

_____

Law Offices of Marc Mezibov and Marc D. Mezibov, for appellee.

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, and Jay D. Patton, for appellants.

Schottenstein, Zox & Dunn Co., L.P.A, Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

Dinkler Pregon, L.L.C., Lynette Dinkler, and Jamey T. Pregon, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

_____