**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETRO STAR, INC.,

  Plaintiff - Appellant,

  v.

BP OIL SUPPLY CO.; and BP
PRODUCTS NORTH AMERICA, INC.,

  Defendants - Appellees.

No. 13-35007

D.C. No. 3:11-cv-00064-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 3, 2014
Anchorage, Alaska

Before: WALLACE, GRABER, and WARDLAW, Circuit Judges.

  Petro Star, Inc., appeals the district court's grant of defendants' (collectively,

BP) motion for summary judgment on Petro Star's claims of breach of contract,

unconscionability, and unjust enrichment.  We have jurisdiction under 28 U.S.C.

§ 1291, and we reverse in part, affirm in part, and remand.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the term "tariff," as used in the disputed oil contracts, is ambiguous, and a genuine dispute as to the term's proper interpretation exists on this record, the district court erred in granting BP's motion for summary judgment on Petro Star's breach of contract claim. Under Ohio law, which governs the contract claim, "extrinsic evidence may be used to determine the parties' intent where the language of the contract is unclear or ambiguous." *Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd. of Educ.*, 872 N.E.2d 322, 328 (Ohio Ct. App. 2007). The contracts that BP and Petro Star entered during the 1990s (the "Contracts") do not specify whether Petro Star should receive any of the $31 million in tariff refunds that BP received from the Trans-Alaska Pipeline System's carriers. Neither do they state whether the term "tariff," as used in the netback pricing formula that established the price Petro Star paid for each barrel of oil, means final or temporary tariff.

Contrary to BP's contention, the interpretive maxim "*expressio unius est exclusio alterius*" does not resolve this ambiguity. The retroactivity provision related to Quality Bank adjustments contained in the Contracts was not part of the original sales contracts between BP and Petro Star; it was added by amendment in 1994. Thus, it was not part of the same group of provisions negotiated in the 1991 contracts. *See Summerville v. City of Forest Park*, 943 N.E.2d 522, 530 (Ohio

2

2010) ("The canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." (alteration and internal quotation marks omitted)).[1]  Therefore, because "tariff" is susceptible to more than one reasonable interpretation, it is ambiguous.  *See Money Station, Inc. v. Elec. Payment Servs., Inc.*, 735 N.E.2d 966, 970 (Ohio Ct. App. 1999) ("Contractual terms are ambiguous . . . if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation.").

The district court, without citing to any legal authority, held to the contrary. After concluding that the Contracts' "clear language" defeated Petro Star's contract claim, it also held that "the course of performance between the parties[] clearly supports BP's position."  The evidence, however, does not support this conclusion, especially at the summary judgment stage where we are to "entertain every

_____

[1] Similarly, the *expressio unius* principle cannot be used to infer from contracts that Petro Star entered with other parties during the relevant time period that Petro Star wittingly left out a retroactivity provision related to tariffs in its contracts with BP.  Indeed, the significance of extrinsic evidence to aid contract interpretation becomes relevant only after we have determined that on the face of the Contracts, the term "tariff" is ambiguous.  *Maverick Oil & Gas*, 872 N.E.2d at 328.

reasonable inference in favor of the non-moving party." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996).

Because we conclude that the term "tariff" is ambiguous here, we may look to extrinsic evidence to determine its meaning. *See Cincinnati Ins. Co. v. ACE INA Holdings, Inc.*, 886 N.E.2d 876, 883 (Ohio Ct. App. 2007) ("When an ambiguity exists, the court may consider the parties' course of performance in determining their intent."). On the one hand, Petro Star repeatedly paid BP's invoices without objection or reservation of rights, implying that the parties understood the term "tariff" to mean temporary tariffs. On the other hand, Petro Star's dealings with ConocoPhillips, BP's assignee to the Contracts, suggest that the parties intended the term "tariff" to mean final tariffs. *See id.* (stating that although an original party's performance "is given greater weight than its successors" in interpreting a contract, the successor "stand[s] in the shoes of" its predecessor, and hence both the predecessor and successor's "performance is helpful"). Although BP disputes the significance of Petro Star's settlement agreement with ConocoPhillips, the agreement included retroactive refunds, from which a reasonable inference can be drawn that Petro Star and ConocoPhillips interpreted the term "tariff" to mean final tariffs. When construing the evidence in the light most favorable to, and making all reasonable inferences in favor of, Petro Star, its interactions with BP's assignee

4

create a genuine dispute over the meaning of the term "tariff." *See San Diego Gas & Electric Co. v. Canadian Hunter Mktg. Ltd.*, 132 F.3d 1303, 1307 (9th Cir. 1997) (stating that summary judgment on a contract claim should be denied if "the ambiguity could be resolved in a manner consistent with the non-moving party's claim").

Furthermore, even if trade usage undisputably supports BP's interpretation, BP is not entitled to judgment as a matter of law. Because under Ohio law "[c]ourse of performance prevails over course of dealing and usage of trade," *see* Ohio Rev. Code Ann. § 1301.303(E)(2), there remains a genuine dispute over the meaning of "tariff." Thus, we reverse the district court's grant of summary judgment on Petro Star's breach of contract claim. We express no opinion concerning the claim's ultimate merits, but decide only that a genuine dispute over the meaning of the ambiguous term "tariff" exists.

The district court did not err, however, in granting BP's motion for summary judgment regarding Petro Star's claims of unconscionability and unjust enrichment. Because the differences between Alaska and Ohio law do not affect our conclusion, we need not decide which body of law governs these claims. Nothing in the Contracts is unconscionable. BP and Petro Star are sophisticated businesses with extensive experience in the oil industry. Although BP may have

5

been the more powerful party, Petro Star was still able to negotiate provisions of the Contracts to its benefit. Even if "tariff" is ultimately construed to mean temporary tariffs, the Contracts are not unconscionable because both parties were subject to the risks and costs associated with that term's ambiguity.

Lastly, there is no issue of material fact concerning Petro Star's unjust enrichment claim. Petro Star received crude oil in exchange for paying BP according to the Contracts' netback pricing formula. Regardless of which party is entitled to the tariff refunds under the Contracts, that party will receive a windfall. The consequences of such risk-benefit allocation do not constitute unjust enrichment.

**REVERSED in part; AFFIRMED in part; REMANDED. Each party shall bear its own costs on appeal.**

*Petro Star, Inc. v. BP Oil Supply Co.*, No. 13-35007

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I agree that the district court did not err in granting BP's motion for summary judgment on Petro Star's claims of unconscionability and unjust enrichment. But I respectfully dissent from the majority's conclusion that the term "tariff" in the contract is ambiguous, and its conclusion that the district court erred in granting summary judgment.

A provision of the contract at issue in this appeal stated that "[a]ny changes to the TAPS Quality Bank, including but not limited to retroactive adjustments, shall apply to this contract." Because the contract specified that retroactive adjustments apply to this provision involving exchange barrels, but did not include any such language about the barrels at issue here, retroactive adjustments do not apply to the term "tariff" as used here under the "expressio unius est exclusio alterus" principle of Ohio contract law. *See Laikos v. Marquis Mgt. Grp., LLC*, No. 2008CA00166, 2009 WL 2170982, at *4 (Ohio Ct. App. July 20, 2009) ("Having defined 'Sale' in Section s 7, 8, and 9 to include something less than a sale of all its assets but having failed to do so in Section 6, we find 'sale' in Section 6 means sale of all Marquis's assets.").[1] Retroactive adjustments apply only to the exchange

---

[1] Although this Ohio court of appeals opinion is unpublished, it may be cited as legal authority and weighted the same as a published opinion pursuant to Ohio Supreme Court

barrels.

The majority errs by concluding that the fact that the TAPS Quality Bank retroactivity provision was negotiated after the original sales contract between BP and Petro Star means that the provisions are not "members of an associated group or series." We should instead conclude that in 1991 the parties intended the term "tariff" to refer solely to "permanent tariffs," but came to a different agreement in 1994.

The term "tariff" in this contractual provision is unambiguous. The clear language of the contract applies retroactive adjustments only to another tariff, not the tariff at issue in this appeal. Because the contract is unambiguous, there is no need to look to extrinsic evidence. We should affirm the district court.

---

Rule 3.4 for the Reporting of Opinions.