**[Cite as *Everhart v. Coshocton Cty. Mem. Hosp.*, 2022-Ohio-629.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Machelle Everhart, Individually and as Administrator of the Estate of Todd Everhart, Deceased, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 21AP-74 |
| v. | : | (C.P.C. No. 08CV-1385) |
| Coshocton County Memorial Hospital et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 3, 2022

**On brief:** *Colley, Shroyer & Abraham Co. LPA*, *David I. Shroyer*, for appellant. **Argued:** *David I. Shroyer.*

**On brief**: *Reminger Co., L.P.A.*, *David H. Krause*, and *Thomas N. Spyker*, for appellee Joseph J. Mendiola, M.D. **Argued**: *Thomas N. Spyker.*

**On brief:** *Poling Law*, *Frederick A. Sewards*, and *Patrick F. Smith*, for appellee Mohamed Hamza, M.D.

**On brief:** *Poling Law*, *Brant Poling*, and *Zachary R. Hoover*, for appellees Coshocton County Memorial Hospital and Medical Services of Coshocton, Inc.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Machelle Everhart, individually and as the administrator of the estate of Todd Everhart, deceased, appeals from the January 26, 2021 decision of the Franklin County Court of Common Pleas granting the motion of defendant-appellee,

Joseph J. Mendiola, M.D., for judgment on the pleadings based on the four-year statute of repose set forth in R.C. 2305.113(C).

{¶ 2}   For the reasons that follow, we reverse.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 3}   The underlying facts of this case were discussed extensively in *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 12AP-75, 2013-Ohio-2210 ("*Everhart I*"). Briefly, appellant is a widow and administrator for the estate of her late husband, Todd Everhart. On December 21, 2003, Mr. Everhart was in an automobile accident and transported to the emergency room at Coshocton County Memorial Hospital ("Coshocton Hospital").  According to appellant, Drs. Rajendra Patel and Mohamed Hamza treated Mr. Everhart. Chest x-rays were ordered on Mr. Everhart at that time. Mr. Everhart was later transported by Life Flight from Coshocton Hospital to The Ohio State University Emergency Department ("Ohio State"). At Ohio State, new x-rays were taken of Mr. Everhart. Appellant alleged the chest x-rays showed opacity in the lung that required additional follow-up treatment to rule out malignancy. Mr. Everhart recovered from the injuries sustained in the automobile accident and was discharged from the hospital.

{¶ 4}   On August 11, 2006, nearly three years after the automobile accident, Mr. Everhart presented at Coshocton Hospital. Mr. Everhart obtained a CT scan, which revealed masses on the right lung that were later diagnosed as advanced stage lung cancer. Mr. Everhart passed away on October 28, 2006.

{¶ 5}   On January 25, 2008, appellant filed the initial complaint alleging causes of action for medical malpractice[1] and wrongful death against Coshocton Hospital and several physicians. Appellant argued Coshocton Hospital and physicians deviated from the standard of medical care by failing to send, receive, or act on Mr. Everhart's x-ray films and radiology report as to the lung opacity. On October 2, 2008, Dr. Hamza filed a motion for summary judgment arguing that there was no physician-patient relationship with Mr. Everhart and, therefore, Dr. Hamza did not owe him a duty of care.[2] Appellant requested additional time to conduct discovery before responding to the motion.  Appellant

---

[1] Appellant contends she sent multiple 180-day letters to appellees pursuant to R.C. 2305.113(B)(1).
[2] On October 23, 2008, appellant filed an amended complaint. Appellant later filed a motion for leave to file a second amended complaint, which was granted by the trial court. On August 10, 2009, appellant filed a second amended complaint.

ultimately filed a memorandum in opposition with an affidavit by Dr. Harlan D. Meyer. Dr. Meyer stated that Dr. Hamza had a duty to review reports that are distributed to him, regardless of whether he saw the patient. On April 21, 2010, the trial court granted Dr. Hamza's motion for summary judgment. Appellant filed a motion for reconsideration of the trial court's decision on August 25, 2011. On January 3, 2012, the trial court denied appellant's motion for reconsideration but issued a nunc pro tunc entry as to the April 21, 2010 decision and entry granting summary judgment with Civ.R. 54(B) certification.

{¶ 6} On May 30, 2013, this court reversed the trial court's decision finding it erred granting summary judgment in favor of Dr. Hamza and remanded the case for further proceedings as there was a genuine issue of material fact whether Dr. Hamza received the x-rays and read the radiology report and, therefore, whether a physician-patient relationship existed between the parties. *Everhart I* at ¶ 1.

{¶ 7} In September 2017, appellees sought leave to file motions for judgment on the pleadings based on the Supreme Court of Ohio's decision in *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432. Appellees argued that appellant's claims were precluded by the four-year statute of repose under R.C. 2305.113(C). Appellant opposed the motions for leave contending that the statute of repose argument was waived as the defense was not asserted in the appellees' answers. Appellees proceeded to request leave to amend their answers in order to add statute of repose as an affirmative defense. On November 30, 2017, the trial court stayed the case based on Coshocton Hospital initiating bankruptcy proceedings. The case was reinstated on April 3, 2019. (May 16, 2019 Nunc Pro Tunc Entry.)

{¶ 8} The trial court granted appellees' motions for leave to file amended answers and motions for leave to file motions for judgment on the pleadings on August 25 and August 27, 2020, respectively. On September 4, 2020, Dr. Mendiola filed a motion for judgment on the pleadings arguing that appellant's wrongful death cause of action was a medical claim and, therefore, barred by the four-year statute of repose set forth in R.C. 2305.113(C). A memorandum in opposition was filed on September 16, 2020. A reply was filed on September 23, 2020.

{¶ 9} On September 15, 2020, appellant filed a motion for leave to file a third amended complaint. The motion was opposed by Coshocton Hospital and Dr. Mendiola on

September 21 and September 23, 2020, respectively. A reply brief was filed on September 28, 2020. The trial court denied appellant's motion for leave to amend on December 11, 2020. On January 26, 2021, the trial court granted Dr. Mendiola's motion for judgment on the pleadings finding that appellant's wrongful death claim was a medical claim under R.C. 2305.113(E) and, thus, barred by the statute of repose.[3]

{¶ 10} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigned the following as trial court error:

> [1.] The trial court erred when it applied the statute of repose for medical claims to a statutory wrongful death claim.

> [2.] The trial court erred by denying Everhart leave to file a Third Amended Complaint.

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 12} In appellant's first assignment of error, she argues the trial court erred when it applied the statute of repose for medical claims to a statutory wrongful death claim.[4]

#### 1. Standard of Review

{¶ 13} A motion for judgment on the pleadings under Civ.R. 12(C) "has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 8, citing *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). As set forth in Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The moving party is entitled to judgment on the pleadings when, after construing all the material assertions in the complaint as true and considering all reasonable inferences in favor of the nonmoving party, the moving party is entitled to judgment as a matter of law. *Welther v. Plageman*, 10th Dist. No. 19AP-774, 2021-Ohio-713, ¶ 6, citing *Zhelezny v. Olesh*, 10th Dist.

---

[3] On August 25, 2021, this court issued a memorandum decision finding that the trial court's January 26, 2021 decision and trial court's denial of leave to file a third amended complaint constituted a final, appealable order. (Aug. 25, 2021 Memo Decision.)

[4] At the onset of this decision, we make special note of the well-reasoned analysis by Judge Woods in *Giannobile, et al. v. Riverside Radiology Interventional Assoc., Inc., et al.*, Franklin C.P. No. 15CV-1854 (May 4, 2018).

No. 12AP-681, 2013-Ohio-4337, ¶ 8. "A motion for judgment on the pleadings is specifically intended for resolving questions of law." *Easter* at ¶ 9, citing *Friends of Ferguson v. Ohio Elections Comm.*, 117 Ohio App.3d 332, 334 (10th Dist.1997). Appellate review of a motion for judgment on the pleadings under Civ.R. 12(C) is de novo. *Kamnikar v. Fiorita*, 10th Dist. No. 16AP-736, 2017-Ohio-5605, ¶ 35.

### 2. Wrongful Death Statute, R.C. 2125.01.

{¶ 14} Ohio first enacted a wrongful death statute in 1851. *Karr v. Sixt*, 146 Ohio St. 527 (1946), paragraph one of the syllabus, citing 13 Ohio Jurisprudence, 384, Section 33. Prior to its enactment, there was no such statutory basis for the cause of action under Ohio law. *Id.* Currently, a cause of action for wrongful death is governed by R.C. 2125. Pursuant to R.C. 2125.01, a wrongful death claim occurs:

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances which make it aggravated murder, murder, or manslaughter. When the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person. No action for the wrongful death of a person may be maintained against the owner or lessee of the real property upon which the death occurred if the cause of the death was the violent unprovoked act of a party other than the owner, lessee, or a person under the control of the owner or lessee, unless the acts or omissions of the owner, lessee, or person under the control of the owner or lessee constitute gross negligence.
>
> When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state or foreign country.

{¶ 15} Since the inception of the wrongful death statute, the Supreme Court of Ohio has recognized that wrongful death is a separate and unique claim writing "an action for

wrongful death, creates a new cause or right of action distinct and apart from the right of action which the injured person might have had and upon the existence of which such new right is conditioned." *Karr* at paragraph one of the syllabus. The United States Supreme Court in *St. Louis, Iron Mountain & S. Ry. Co. v. Craft*, 237 U.S. 648, 658 (1915), later quoted in *Klema v. St. Elizabeth's Hosp.*, 170 Ohio St. 519, 521-22 (1960), observed the established differences between a medical negligence and wrongful death claim writing:

> "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong."

*Klema* at 521, quoting *Iron Mountain* at 658.

{¶ 16} There is no doubt that wrongful death is a separate and unique cause of action from other claims.

### 3. Medical Malpractice and Statute of Repose under R.C. 2305.113(C)

{¶ 17} Conversely, the cause of action for medical malpractice is derived from common law. *Koler v. St. Joseph Hosp.*, 69 Ohio St.2d 477, 479 (1982). The General Assembly enacted R.C. 2305.113 to establish "[l]imitation[s] of actions for medical malpractice." R.C. 2305.113(C) imposes a four-year statute of repose[5] for "medical claims,"[6] stating:

> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis

---

[5] R.C. 2305.113(C) includes exceptions in cases for "persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section."

[6] A "medical claim," as defined under R.C. 2305.113(E)(3), is "any claim that is asserted in any civil action against a physician, podiatrist, hospital * * * and that arises out of the medical diagnosis, care, or treatment of any person."

of the medical, dental, optometric, or chiropractic claim, then,
any action upon that claim is barred.

{¶ 18} The Supreme Court of Ohio has explained the legislative purpose of enacting a statute of repose for medical malpractice claims under R.C. 2305.113(C), writing:

"Many policy reasons support this legislation. Just as a plaintiff is entitled to a meaningful time and opportunity to pursue a claim, a defendant is entitled to a reasonable time after which he or she can be assured that a defense will not have to be mounted for actions occurring years before. The statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation.

Forcing medical providers to defend against medical claims that occurred 10, 20, or 50 years before presents a host of litigation concerns, including the risk that evidence is unavailable through the death or unknown whereabouts of witnesses, the possibility that pertinent documents were not retained, the likelihood that evidence would be untrustworthy due to faded memories, the potential that technology may have changed to create a different and more stringent standard of care not applicable to the earlier time, the risk that the medical providers' financial circumstances may have changed—i.e., that practitioners have retired and no longer carry liability insurance, the possibility that a practitioner's insurer has become insolvent, and the risk that the institutional medical provider may have closed.

Responding to these concerns, the General Assembly made a policy decision to grant Ohio medical providers the right to be free from litigation based on alleged acts of medical negligence occurring outside a specified time period."

*Antoon*, 2016-Ohio-7432, at ¶ 18, quoting *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, ¶ 19-21.

{¶ 19} As noted in *Antoon*, the Supreme Court of Ohio limited its analysis, however, to the application of the statute of repose to medical malpractice cases. The question becomes whether Ohio's medical malpractice statute of repose, R.C. 2305.113(C), applies to a wrongful death action under R.C. 2125.02.

{¶ 20} As a cause of action for wrongful death is statutory in nature, we begin our analysis with the text of the wrongful death statute, R.C. 2125.02. The central focus in

statutory interpretation is ascertaining and giving effect to the legislature's intent in enacting the statute. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, ___Ohio St.___, 2021-Ohio-2067, ¶ 13, citing *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21. "To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage. We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." (Citation omitted.) *Gabbard* at ¶ 13, citing *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 19. When the meaning is unambiguous and definite, we must apply the statute as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). "[I]f the General Assembly could have used a particular word in a statute but did not, we will not add that word by judicial fiat." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 26, citing *In re Application of Columbus S. Power Co.*, 138 Ohio St.3d 448, 2014-Ohio-462, ¶ 26. If the statutory language is clear, this court applies the language as written and need not require consideration of statutory tools of interpretation or consideration of public policy. *Gabbard* at ¶ 13, citing *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, ¶ 23-24, 26. "An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words." *Portage Cty.* at ¶ 52, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997).

{¶ 21} Upon review, R.C. 2125.02 does not provide a statute of repose for a wrongful death arising out of a medical claim. The only statute of repose included in R.C. 2125.02 is in the products liability context, which states "no cause of action for wrongful death involving a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product." R.C. 2125.02(D)(2). This court sees nothing ambiguous in the language of R.C. 2125.02(D)(2). Moreover, R.C. 2125.02(D)(2) makes no reference to another statute that might inform the analysis. As there is no statute of repose for wrongful death

claims originating out of a medical claim provided in R.C. 2125.02, or statute incorporated by reference, we conclude the General Assembly did not intend to create one in this context.

{¶ 22} Arguendo, even if the statutory language was ambiguous,[7] we reach the same conclusion, i.e., that a wrongful death claim derived from a medical claim is not barred by the four-year statute of repose under R.C. 2305.113(C). We first consider R.C. 2125.02(D)(2) as guided by the canon of statutory construction expressio unius est exclusio alterius, the expression of one or more items of a class implies that those not included are excluded.[8] *State v. Droste*, 83 Ohio St.3d 36, 39 (1998), citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 224-25 (1997). " 'The General Assembly is presumed to have known that its designation of a remedy would be construed to exclude other remedies, consistent with the statutory construction maxim of expressio unius est exclusio alterius.' " *New Albany Park Condo. Assn. v. Lifestyle Communities, Ltd.*, 195 Ohio App.3d 459, 2011-Ohio-2806, ¶ 23 (10th Dist.), quoting *Hoops v. United Tel. Co. of Ohio*, 50 Ohio St.3d 97, 101 (1990). However, " 'the canon expressio unius est exclusio alterius does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an "associated group or series," justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence.' " *New Albany* at ¶ 23, quoting *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003), citing *United States v. Vonn*, 535 U.S. 55, 65 (2002); *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, ¶ 35.

{¶ 23} Here, R.C. 2125.02(D)(2) singularly addresses wrongful death involving products liability. The General Assembly is aware that wrongful death claims may arise in a variety of other circumstances and decided to only provide a statute of repose in the products liability context. Accordingly, the most reasonable reading of R.C. 2125.02 is that the General Assembly intended to exclude other types of causes of action, such as medical claims, unless otherwise incorporated by reference in another statute.

---

[7] When " 'the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation.' " *Turner v. Hooks*, 152 Ohio St.3d 559, 2018-Ohio-556, ¶ 12, quoting *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 96 (1991). However, "[w]hen the language of a statute is ambiguous, we resort to the rules of construction to discern its meaning." *Turner* at ¶ 10. (writing "where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent").

[8] Black's Law Dictionary defines expressio unius est exclusio alterius as "[a] canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative. * * * For example, the rule that 'each citizen is entitled to vote' implies that noncitizens are not entitled to vote." *Black's Law Dictionary* 701 (10th Ed.2014).

{¶ 24} Appellees argue the four-year statute of repose for a medical malpractice claim precludes a wrongful death cause of action if it arises from a medical claim. Appellees rely on another statutory canon, "in pari materia, which means 'upon the same matter or subject.' " *Thomas*, 79 Ohio St.3d 225, quoting *Black's Law Dictionary* 791 (6th Ed.1990). Appellees contend that as the wrongful death and medical malpractice statute deal with the same underlying claim they should be read as if they were one statute. We disagree.

{¶ 25} R.C. 2305.113 concerns "[l]imitation of actions for medical malpractice; statute of repose." There is not a single reference to wrongful death in R.C. 2305.113. While R.C. 2305.113(E) does define "medical claims," we are not persuaded that wrongful death is encompassed under the statute simply because they share the same underlying type of negligence. It is well-established that wrongful death and medical malpractice are separate and unique causes of action even when the case is derived from a medical claim. *See Koler* at 484 (Celebreeze, J., concurring) ("Medical malpractice is separate and distinct from wrongful death. These are distinct wrongs."). R.C. 2305.113(E) lists a series of derivative claims for relief for purposes of its definition of medical claim. R.C. 2305.113(E)(7) states:

> "Derivative claims for relief" include, but are not limited to, claims of a parent, guardian, custodian, or spouse of an individual who was the subject of any medical diagnosis, care, or treatment, dental diagnosis, care, or treatment, dental operation, optometric diagnosis, care, or treatment, or chiropractic diagnosis, care, or treatment, that arise from that diagnosis, care, treatment, or operation, and that seek the recovery of damages for any of the following:
>
> (a) Loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, or any other intangible loss that was sustained by the parent, guardian, custodian, or spouse;
>
> (b) Expenditures of the parent, guardian, custodian, or spouse for medical, dental, optometric, or chiropractic care or treatment, for rehabilitation services, or for other care, treatment, services, products, or accommodations provided to the individual who was the subject of the medical diagnosis, care, or treatment, the dental diagnosis, care, or treatment, the dental operation, the optometric diagnosis, care, or treatment, or the chiropractic diagnosis, care, or treatment.

{¶ 26} Here, the causes of action identified as "derivative claims for relief" do not include wrongful death.  Again, the statutory canon expressio unius est exclusio alterius informs our analysis that the inclusion of these causes of action implicitly excludes others. While the General Assembly's inclusion of the phrase "but are not limited to" leaves open the possibility a cause of action for wrongful death falls under this category, a wrongful death claim is not a derivative claim of medical malpractice, but a separate, independent cause of action.  "Because a wrongful death action is an independent cause of action, the right to bring the action cannot depend on the existence of a separate cause of action held by the injured person immediately before his or her death. *To conclude otherwise would convert the wrongful death action from an independent cause of action to a derivative action, one dependent on a separate cause of action.*" (Emphasis added.) *Thompson v. Wing*, 70 Ohio St.3d 176 (1994).

{¶ 27} The General Assembly has demonstrated that it is capable of enacting a statute of repose that addresses wrongful death claims in other contexts.  In 1963, the General Assembly first enacted R.C. 2305.131 creating a statute of repose for claims derived from unsafe conditions of real property improvement.  *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, ¶ 10. R.C. 2305.131 recognized that architects and builders are exposed to liability for extended periods of time based on the permanency of buildings.  *Id.*  In 2005, the General Assembly enacted the current iteration of R.C. 2305.131, which reads:

> [N]o cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

R.C. 2305.131(A).

{¶ 28} As set forth in R.C. 2305.131, a claim for wrongful death that arises out of a defective or unsafe condition of an improvement to real property is precluded if it is not filed within ten years from the date of substantial completion of such improvement. The medical malpractice statute of repose, R.C. 2305.113, unlike R.C. 2305.131, makes no mention of whether wrongful death derived from medical claims is covered under the four-year statute of repose.  Accordingly, when comparing the language of R.C. 2305.113 and 2305.131, it is clear the General Assembly intended to exclude wrongful death claims from the statute of repose for medical malpractice.  Finally, the plain language of Ohio's borrowing statute, R.C. 2305.03, is also informative as to this issue.  The statute addresses defenses based on time limitations, which would include a statute of repose for medical claims. R.C. 2305.03(A) states:

> Except as provided in division (B) of this section and *unless a different limitation is prescribed by statute*, a civil action may be commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code. If interposed by proper plea by a party to an action mentioned in any of those sections, lapse of time shall be a bar to the action.

(Emphasis added.)

{¶ 29} As noted in *Giannobile, et al. v. Riverside Radiology Interventional Assoc., Inc., et al.*, Franklin C.P. No. 15CV-1854 (May 4, 2018), R.C. 2125.02 certainly qualifies as a statute imposing a different time limitation.  As the wrongful death statute has its own time limitations, it would be excluded from R.C. 2305.03.  Given these facts, we conclude that the General Assembly did not intend to create a statute of repose for wrongful death arising out of a medical claim.  Simply put, if the legislature had intended a statute of repose in this context, it would have said so either expressly in R.C. 2125.02, as was the case in the products liability context, or expressly included wrongful death in the medical malpractice statute of repose, R.C. 2305.113, as it did in R.C. 2305.131 for claims derived from unsafe conditions of real property improvement.

{¶ 30} Distinguishing the statute of repose for medical malpractice from the wrongful death statute conforms with many other statutory and procedural requirements that differentiate the two causes of action.  Of note, a wrongful death claim is governed by R.C. Chapter 2125 and a medical malpractice action is set forth at common law.  *Ruther* at ¶ 29; *Koler* at 479. In bringing a wrongful death claim, Civ.R. 25(E) requires counsel to

provide for the court a suggestion of death on the record. A wrongful death action must be brought by an administrator, executor, or personal representative of the decedent's estate while a medical negligence claim is generally brought by the injured party. *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, ¶ 10; R.C. 2125.02(A).[9] A wrongful death action seeks damages for injuries by the surviving next of kin after the decedent's death as compared to a medical negligence claim that seeks damages sustained by the injured party after the injury. R.C. 2125.02(A)(1). A wrongful death claim can only be brought after death and is pled as a separate cause of action from medical negligence. *Mansour v. Woo*, 8th Dist. No. 2011-A-0038, 2012-Ohio-1883, ¶ 35, citing *Karr*. There are also statutory limits of compensatory damages representing noneconomic loss for medical malpractice damages, which do not apply to wrongful death claims. *See* R.C. 2323.43(G) and (3) ("This section does not apply to any of the following * * * [w]rongful death actions brought pursuant to Chapter 2125. of the Revised Code."). Finally, the statute of limitations for a medical malpractice action is one year after the cause of action accrued, while a wrongful death claim must be brought within two years after the decedent's death. R.C. 2305.113; R.C. 2125.02(D). The distinction in the statute of limitations applies even when the wrongful death cause of action arises out of a "medical claim." *Koler*. Pursuant to R.C. 2305.113, the statute of limitations for medical malpractice may be extended by the 180-day letter while R.C. 2125.02 includes no such provision. Given the many differences between the two claims, not exhaustively provided in this decision, there is no reason to believe the General Assembly did not intend to do the same with the statute of repose.

{¶ 31} Appellees rely on several cases from the Supreme Court of Ohio that conclude R.C. 2305.113 imposes a true statute of repose for medical malpractice claims. Appellees state these cases should be applied in this instance as the wrongful death cause of action arises out of a medical claim. A brief analysis of these cases is instructive.

{¶ 32} In *Ruther*, 2012-Ohio-5686, a widow brought a medical malpractice action against defendants for failure to evaluate an abnormal laboratory result regarding high liver enzymes. The Supreme Court took the case for the proposition that R.C. 2305.113(C) does

---

[9] "[A] civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent." R.C. 2125.02(A).

not violate the open courts provision, Section 16, Article I, of the Ohio Constitution. In *Ruther,* the Supreme Court found that R.C. 2305.113(C) was a valid exercise of the General Assembly's authority to limit a cause of action and constituted a "true statute of repose." *Id.* at ¶ 18. Similarly, the Supreme Court in *Antoon* found the statute was constitutional, writing "the plain language of [R.C. 2305.113(C)] is clear, unambiguous, and means what it says. If a lawsuit bringing a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred." *Antoon* at ¶ 23. Recently, the Supreme Court addressed R.C. 2305.113(C) in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827. In *Wilson*, the Supreme Court considered whether Ohio's savings statute applies to a refiled medical claim after the applicable one-year statute of limitations had expired if the four-year statute of repose for medical claims had also lapsed. The Supreme Court in *Wilson* wrote that while the statutes of limitation and repose share common objectives, "they operate differently and have distinct applications." *Wilson* at ¶ 8, citing *Antoon* at ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014). The *Wilson* court examined the two terms, writing:

> A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Black's Law Dictionary* 1707 (11th Ed.2019). A statute of limitations operates on the remedy, not on the existence of the cause of action itself. *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 28 Ohio B. 346, 503 N.E.2d 717, fn. 17 (Douglas, J., concurring). A statute of repose, on the other hand, bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* at 1707. A statute of repose bars the claim—the right of action—itself. *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.). The United States Supreme Court has likened the bar imposed by a statute of repose to a discharge in bankruptcy—as providing "a fresh start" and "embod[ying] the idea that at some point a defendant should be able to put past events behind him." *CTS Corp*. at 9.
>
> Statutes of limitations and statutes of repose target different actors. *Id*. at 8. Statutes of limitations emphasize plaintiffs' duty to diligently prosecute known claims. *Id*., citing *Black's Law Dictionary* 1546 (9th Ed.2009). Statutes of repose, on the

> other hand, emphasize defendants' entitlement to be free from liability after a legislatively determined time. *Id.* at 9. In light of those differences, statutory schemes commonly pair a shorter statute of limitations with a longer statute of repose. *California Pub. Emps.' Retirement Sys. v. ANZ Securities, Inc.*, ___U.S.___, 137 S.Ct. 2042, 2049, 198 L.Ed.2d 584 (2017). When the discovery rule—that is, the rule that the statute of limitations runs from the discovery of injury—governs the running of a statute of limitations, the "discovery rule gives leeway to a plaintiff who has not yet learned of a violation, while the rule of repose protects the defendant from an interminable threat of liability." *Id.* at___, 137 S.Ct. at 2050.

 *Id.* at ¶ 9-10.

{¶ 33} The Supreme Court in *Wilson* ultimately found R.C. 2503.113(C) "provid[es] an absolute temporal limit on a defendant's potential liability," and a plaintiff may not "take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired." *Wilson* at ¶ 1, 37. While it is evident that *Ruther*, *Antoon*, and *Wilson* offer a well-supported body of case law that a medical malpractice claim is barred after the four-year statute of repose has expired, the Supreme Court has never expanded such a preclusion to Ohio's wrongful death statute, R.C. 2125.02. While the rationale provided by the General Assembly for creating a statute of repose for medical malpractice claims could apply to wrongful death, that does not mean the legislature, in fact, created one in this context. Accordingly, we find these cases distinct as none of them address whether a wrongful death case is a medical claim for purposes of barring a claim under the medical malpractice four-year statute of repose.

### 4. Other Ohio Appellate Districts

{¶ 34} Appellees argue three Ohio appellate courts have found Ohio's medical malpractice statute of repose precludes a wrongful death action if the case is derived from a medical claim. *See Smith v. Wyandot Mem. Hosp.*, 3d Dist. No. 16-17-07, 2018-Ohio-2441; *Fletcher v. Univ. Hosps. of Cleveland*, 8th Dist. No. 88573, 2007-Ohio-2778, *rev'd on other grounds*, 120 Ohio St.3d 167, 2008-Ohio-5379*; Mercer v. Keane*, 5th Dist. No. 20CA0013, 2021-Ohio-1576. We will discuss each case in turn.

{¶ 35} In *Fletcher*, the Eighth District Court of Appeals considered whether an affidavit of merit must be filed with a wrongful death action under R.C. 2125. The *Fletcher*

court concluded the alleged injury was based on a medical claim and an affidavit of merit was required to establish the adequacy of the complaint for purposes of Civ.R. 10(D)(2).[10] *Fletcher*, however, did not consider the language in the wrongful death statute, R.C. 2125.02(D), or address the medical malpractice statute of repose under R.C. 2305.113(C). Furthermore, in Civ.R. 10(D)(2), unlike R.C. 2125.02, the General Assembly specifically identified the term "medical claim" as defined in R.C. 2305.113(C). "[A] complaint that contains a medical claim * * * as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."  Civ.R. 10(D)(2).  This harmonizes with the intent of Civ.R. 10(D)(2), which ensures that a party's complaint meets basic sufficiency standards.  Accordingly, we find *Fletcher* distinct from the issue at hand as to whether the statute of repose under R.C. 2305.113 encompasses a cause of action for wrongful death that arises from a medical claim.

{¶ 36} In *Smith*, the Third District Court of Appeals affirmed the trial court's decision to dismiss the estate's complaint for wrongful death concluding the action was based on a medical claim and, therefore, outside the medical malpractice statute of repose, R.C. 2305.113.  The *Smith* court begins its analysis by citing well-established Ohio law that statutory interpretation requires examining the statute's plain language.  *Id.* at ¶ 17, quoting *Antoon* at ¶ 20, citing *State ex rel. Burrows* at 81 (" 'To determine legislative intent, we must first examine the plain language of the statute.' ").  The *Smith* court, erroneously in our view, then proceeds to examine the medical malpractice statute, R.C. 2305.113(C), instead of the wrongful death statute, R.C. 2125.02.  The *Smith* court fails to include any discussion as to the statute of repose provided in R.C. 2125.02(D)(2), but instead mistakenly applies the medical malpractice statute, and analysis in *Antoon*, to the wrongful death statute writing:

> The Supreme Court of Ohio stated that Ohio's medical-claim statute of repose clearly and unambiguously bars "*any* action" bringing a medical claim commenced more than four years

---

[10] The Eighth District Court of Appeals reached a similar result in *Chromik v. Kaiser Permanente*, 8th Dist. No. 89088, 2007-Ohio-5856, finding that the trial court did not err in dismissing the complaint setting forth survivorship and wrongful death claims as it did not comport with Civ.R. 10(D)(2) by failing to file an affidavit of merit. For the reasons set forth in our analysis of *Fletcher*, we find that the express procedural requirements of Civ.R. 10(D)(2) that ensure the sufficiency of the complaint are distinct from whether the statute of repose set forth in R.C. 2305.113(C) apply to a wrongful death claim.

after the occurrence of the act or omission constituting the basis for the claim. (Emphasis sic.) [*Antoon*] at ¶ 23. Because *any action* bringing a medical claim is barred by Ohio's medical-claim statute of repose if it is not timely commenced, we conclude that wrongful-death actions fall within the scope of "any action" and are subject to the time restraints of the statute of repose.

(Emphasis sic.) *Smith* at ¶ 22.

{¶ 37} Upon review, the phrase "any action" in *Antoon*, subsequently adopted in *Wilson*, refers to medical malpractice and derivative claims under R.C. 2305.113. This is clear from the proposition of law in *Antoon*, which reads: "Ohio's medical malpractice statute of repose applies whenever the occurrence of the act or omission constituting the alleged medical malpractice takes place more than four years prior to when the lawsuit is filed. This statute of repose applies regardless of whether a cause of action has vested prior to the filing of a lawsuit." *Id.* at ¶ 10. Moreover, the Supreme Court in *Fletcher*, when considering the case on an unrelated proposition of law, expressly stated "Fletcher did not cross-appeal the appellate court's ruling that her wrongful-death claim requires an affidavit [as it was a "medical claim"], so that issue is not before us." *Fletcher,* 120 Ohio St.3d 167 at fn. 2. As such, *Smith*'s application of the medical malpractice statute of repose to wrongful death claims based on Supreme Court precedent conflicts with the proposition of law accepted in *Antoon* and plain language of *Fletcher*.

{¶ 38} Moreover, *Smith*'s holding ignores the well-established case law that wrongful death and medical malpractice are separate and unique claims. The Supreme Court of Ohio has consistently found medical malpractice and wrongful death are distinct causes of action. The most developed example of this distinction is regarding statute of limitations. *See Klema*, 170 Ohio St. 519. In *Klema*, the Supreme Court considered whether the medical malpractice or the wrongful death statute of limitations applied to a cause of action for wrongful death when the case involves a medical claim. The Supreme Court in *Klema* found that the medical malpractice statute of limitations did not apply to wrongful death claims stating "[t]he action being a statutory one relating to a specific type of cause, *i.e.*, wrongful death, the phrase, 'except as otherwise provided by law,' can only relate to other provisions relating to death. And the only other provisions relating to death actions are those contained in the wrongful death statute itself." *Id.* at 524. The Supreme Court in

*Klema* concluded that the malpractice statute of limitations, set out in a separate provision of the Ohio Revised Code, did not apply to a wrongful death claim.  *Id.*

{¶ 39}  In *Koler*, 69 Ohio St.2d 477, the Supreme Court considered whether a one-year statute of limitations for medical malpractice should control over the two-year statute of limitations for wrongful death claims because the case involved a complaint against a hospital and, therefore, was a medical claim.  The defendants in *Koler* argued the changes to the statutory language demonstrated the General Assembly's intent to include wrongful death claims within the meaning of malpractice.  *Id.* at 480.  The Supreme Court disagreed reaffirming the holding in *Klema* concluding that the two claims are distinct causes of action even when arising from a "medical claim."  *Id.* at 480-81.  " ' "[N]o part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." ' "  *Koler* at 823, quoting *Klema* at 521, quoting *Iron Mountain*, 237 U.S. 658. The holding in *Koler* remains good law and has been consistently applied by Ohio appellate courts. *See Fletcher*, 2007-Ohio-2778, at ¶ 8, citing *Koler* ("We are well aware that R.C. 2305.113 does not supply the statute of limitations for a wrongful death claim."); *Evans v. S. Ohio Med. Ctr.*, 103 Ohio App.3d 250 (4th Dist.1995) ("As a result, even when a plaintiff fails to file a negligence action or a malpractice action within the applicable statute of limitations, the wrongful death claim is not time-barred as long as it is filed within two years after the decedent's death."); *Heck v. Thiem Corp.*, 7th Dist. No. 93-C-55, 1994 Ohio App. LEXIS 5603 (1994) ("Ohio has ruled that a wrongful death claim is a new and separate cause of action unaffected by an underlying tort action which may have otherwise been barred."); *Brosse v. Cumming*, 20 Ohio App.3d 260 (8th Dist.1984), paragraph two of the syllabus ("Since R.C. 2305.11(A) (medical malpractice) and R.C. 2125.01 and 2125.02 (wrongful death) provide for distinct and independent causes of action, the fact that the right of action of the injured person was barred pursuant to R.C. 2305.11(A) before he died does not constitute a bar to the right of action of his administratrix to bring an action for wrongful death, the only limitation being

that the action for wrongful death must be commenced within two years after the decedent's death.").

{¶ 40} Similarly, federal courts have also cited *Klema* and *Koler* for the proposition that, under Ohio law, the statute of limitations for wrongful death and medical malpractice are distinct even when the case involves a "medical claim." *De La Torre v. Corr. Corp. of Am.*, 2017 U.S. Dist. LEXIS 210999 (N.D.Ohio 2017) (writing "when reviewing the timeliness of a wrongful death action, the Ohio Supreme Court held that the expiration of the statute of limitations period for a medical malpractice action does not mean that a wrongful death action is necessarily untimely"); *Daniel v. United States*, 977 F.Supp.2d 777, 782 (N.D.Ohio 2013) ("Whatever confusion there may be regarding the relative meanings of the terms 'medical claim' and 'malpractice,' it was clear to the *Koler* court that a malpractice action could not be a wrongful death action."). At the very least, these cases stand for the proposition that there is no basis to assume the definition of "medical claim" under R.C. 2305.113(C) should be applied under R.C. 2125.02.

{¶ 41} In *Daniel,* the United States District Court for the Northern District of Ohio concluded the statute of repose in R.C. 2305.113(C) did not apply to a wrongful death action based, in part, on the Supreme Court of Ohio's case law in *Klema* and *Koler.* As stated in *Daniel*:

> The current wrongful death statute reads: "Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death." Ohio Rev. Code § 2125.02(D)(1). Section (D)(2) of the wrongful death statutes only deals with "wrongful deaths involving products liability." That is the sole category of exceptions to the two-year wrongful death statute of limitations the Ohio legislature has seen fit to include. Following the reasoning in *Klema* and *Koler*, the Court finds that the "medical claim" statute of repose, set forth in another division of the code and not in the wrongful death division, does not apply to plaintiff's wrongful death claim.

*Id.* at 782-83.

{¶ 42} In *Smith*, the Third District disagreed with the analysis in *Daniel* finding that a statute of repose and statute of limitations have different applications.[11]  *Smith* based its analysis on the different motivations between the statute of limitations and statute of repose.

{¶ 43} The *Smith* court's argument misses the mark.  *Daniel* did not equate statute of repose and statute of limitations but analogized that when addressing a similar argument regarding whether a medical malpractice time limitation should apply to a wrongful death claim, outstanding Supreme Court precedent has recognized that the two causes of action are unique.  The statute of limitations analysis in *Daniel* provides an instructive example of how simply considering all "medical claims" in the same manner, despite wrongful death and medical negligence having separate statutes, is the incorrect approach.  While there is no doubt that the statute of limitations and statute of repose address different motivations and actors, the central argument of *Daniel* is correct, that a reviewing court should not apply a definition of "medical claims" addressing medical malpractice actions when considering a wrongful death case unless there is a statutory basis for such an interpretation.

{¶ 44} As noted in *Daniel*, in addition to the plain language of R.C. 2125.02, the analysis in *Koler* demonstrates that the General Assembly was cognizant that the *Klema* court had refused to apply the medical malpractice statute to the wrongful death claim yet did not change R.C. 2125.02.  In those cases, the Supreme Court indicated that absent clear legislative action, a wrongful death claim is only governed by the wrongful death statute. The same logic applies to the statute of repose.  The legislature is aware that the *Klema* and *Koler* courts have concluded that wrongful death and medical malpractice claims are separate, unique causes of action.  Understanding this precedent, the General Assembly created a statute of repose for wrongful death claims arising out of products liability but declined to create such a time limitation for a wrongful death action derived from medical claims under R.C. 2125.02. "The fact that a statutory wrongful death claim is completely independent and distinct from the underlying claims of a decedent suggests that limitations of the underlying claim, such as statutes of limitations and statutes of repose, do not apply

---

[11] The *Smith* court wrote "similar to the issue presented in *Daniel v. United States*, [the appellant] argues that Ohio's medical-claim statute of repose does not apply to wrongful-death actions because a wrongful death action is subject to its own statute of limitations under R.C. 2125.02(D)(1)." *Id.* at ¶ 23.

in a wrongful death action." *Giannobile*, Franklin C.P. No. 15CV-1854, at 10.  If the General Assembly intended R.C. 2305.113 to control all medical claims, a wrongful death cause of action based on medical claims would have been subject to the one-year statute of limitations as set forth in R.C. 2305.113(A).  As wrongful death and medical malpractice are separate causes of action, time limitations intended for medical malpractice, i.e., the statute of limitations and statute of repose, should not be applied to a wrongful death claim.[12]

{¶ 45} Finally, the Fifth District Court of Appeals has recently considered whether the statute of repose in R.C. 2305.113(C) applies to a wrongful death claim arising out of the same events that led to the medical malpractice action.  *See Mercer*, 2021-Ohio-1576.  A brief review of the case is illustrative.

{¶ 46} In 2012, Mr. Mercer presented for an MRI of the lumbar spine due to lower back pain.  In 2015, Mr. Mercer had a subsequent MRI, which discovered an undiagnosed sacral mass later found consistent with sacral chordoma.  Mr. Mercer, his wife, and minor child filed a medical malpractice and loss of consortium action in 2016. On February 29, 2020, Mr. Mercer passed away and a suggestion of death was listed as metastatic chordoma to the pelvis and sacrum.  In May 2020, Mrs. Mercer, as executor of the estate of Mr. Mercer, filed a motion to order substitution of proper parties and amend the complaint which was granted by the trial court.  The amended complaint converted the medical malpractice action to a survivorship claim, removed the loss of consortium claim, and added a wrongful death claim pursuant to R.C. 2125.01 and 2125.02.  The amended complaint was filed seven years after the alleged act that was the basis of the claim.  The defendants in the case filed a motion for partial summary judgment arguing that the

---

[12] During the circulation of this decision, appellees filed a notice of supplemental authority in *Martin v. Taylor*, 11th Dist. No. 2021-L-046, 2021-Ohio-4614. In *Martin*, the plaintiff argued that the application of the statute of repose unconstitutionally denied a remedy for his wrongful death claim under Article I, Section 16 of the Ohio Constitution. The Eleventh District Court of Appeals upheld the constitutionality of the statute of repose set forth in R.C. 2305.113(E)(3) as to wrongful death claims writing, "[a]s [decedent's] death occurred more than four years after the alleged acts/omissions underlying the claim, the statute of repose prevented the cause of action from vesting, and the statute as applied to this claim does not unconstitutionally violate the right to a remedy." *Martin* at ¶ 41. As the constitutionality argument was not raised by appellant in this case, we decline to address it in this opinion. The plaintiff in *Martin* also argued that because the statute of limitations for medical claims and wrongful death claims are set forth in different statutory sections, the wrongful death claim does not constitute a "medical claim" to which the statute of repose is applicable. The *Martin* court disagreed, finding the plaintiff's wrongful death claim constituted a "medical claim" as defined under R.C. 2305.113(E)(3), and, therefore, was barred under the four-year statute of repose. This is the same analysis raised in *Smith*. For the reasons set forth in the body of this decision, we disagree with the *Martin* court's analysis.

wrongful death action was filed beyond the four-year statute of repose under R.C. 2305.113(C). The trial court agreed and granted the motion finding the four-year statute of repose barred the filing of the wrongful death action. The Fifth District Court of Appeals affirmed the trial court decision on the same basis. The *Mercer* court, "acknowledge[d] the result of this appeal is harsh and perhaps unintended by the General Assembly when it crafted the medical claim statute of repose, especially considering the advances in medical care allowing people to live longer with a diagnosis of cancer or other life-threatening malady." *Id.* at ¶ 41.

{¶ 47} The Fifth District in *Mercer* relied, in part, on the analysis in *Wilson,* which examined the two exceptions in R.C. 2305.113(C) that toll the statute of repose: (1) when there is a person within the age of minority or of unsound mind as provided in R.C. 2305.16 or (2) those claims that accrue in the last year of the statute of repose period and those that are based upon a foreign object left in a person's body. *Mercer* at ¶ 33, citing *Wilson* at ¶ 29. The *Mercer* court concluded that because these exceptions were provided in R.C. 2305.113, "[i]t was clear to the Court that the General Assembly knew how to make an exception to the statute of repose when it intended to do so, and as to the medical claim statute of repose, it chose not to make the exception." *Id.* at ¶ 34. *Mercer* also based its analysis of the wrongful death claim under the medical malpractice statute, writing " 'R.C. 2305.113(C) "means what it says. If a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action upon that claim is barred." ' " *Id.* at ¶ 35, quoting *Wilson* at ¶ 25, quoting *Antoon* at ¶ 23. Similar to our analysis of *Smith*, *Mercer*, erroneously in our view, looks at the statute of repose for medical malpractice instead of the plain language of the wrongful death statute of repose under R.C. 2125.02(D)(2). Regarding the *Mercer* court's analysis of the tolling exceptions in R.C. 2305.113, *Mercer* fails to consider that the medical malpractice statute of repose was not created for wrongful death claims. As there is no reference in R.C. 2305.113 to wrongful death claims, looking at the exceptions to the tolling provision of the statute does not inform the analysis on this issue.

{¶ 48} Moreover, the General Assembly made its intentions clear in the language employed in R.C. 2125.02 and 2305.113. As an example, the general products liability statute of repose is controlled by R.C. 2305.10(C). The statute includes a ten-year statute

of repose for those claims. As set forth previously, the wrongful death statute, R.C. 2125.02, includes a ten-year statute of repose for wrongful death originating out of a product liability claim. The General Assembly made clear in R.C. 2305.10 that R.C. 2125.02 controls when addressing wrongful death cases in the products liability context.[13] If there was a dispute over whether the statute of repose was implicated in a wrongful death case involving a products liability claim, a reviewing court would look at R.C. 2125.02, not R.C. 2305.10(C). Here, the General Assembly declined to include a statute of repose arising from a medical claim in R.C. 2125.02 or state that a wrongful death claim was encompassed in R.C. 2305.113(C)'s statute of repose.

{¶ 49} Finally, the *Mercer* court's application of the medical malpractice statute of repose conflicts with the plain language of R.C. 2125.01, which states:

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not

---

[13] The Editor's Notes in R.C. 2305.10(C) repeatedly acknowledge the wrongful death statute of repose, R.C. 2125.02(D)(2), stating:

In enacting division (D)(2) of section 2125.02 and division (C) of section 2305.10 of the Revised Code in this act, it is the intent of the General Assembly to do all of the following:

(1) To declare that the ten-year statute of repose prescribed by division (D)(2) of section 2125.02 and division (C) of section 2305.10 of the Revised Code, as enacted by this act, are specific provisions intended to promote a greater interest than the interest underlying the general four-year statute of limitations prescribed by section 2305.09 of the Revised Code, the general two-year statutes of limitations prescribed by sections 2125.02 and 2305.10 of the Revised Code, and other general statutes of limitations prescribed by the Revised Code;

(2) To declare that, subject to the two-year exceptions prescribed in division (D)(2)(d) of section 2125.02 and in division (C)(4) of section 2305.10 of the Revised Code, the ten-year statutes of repose shall serve as a limitation upon the commencement of a civil action in accordance with an otherwise applicable statute of limitations prescribed by the Revised Code;

* * *

(8) To declare that division (D)(2) of section 2125.02 and division (C) of section 2305.10 of the Revised Code, as enacted by this act, strike a rational balance between the rights of prospective claimants and the rights of product manufacturers and suppliers and to declare that the ten-year statutes of repose prescribed in those sections are rational periods of repose intended to preclude the problems of stale litigation but not to affect civil actions against those in actual control and possession of a product at the time that the product causes an injury to real or personal property, bodily injury, or wrongful death[.]

ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *.

{¶ 50} In *Mercer*, the plaintiffs timely commenced the medical malpractice action against the defendants and were litigating the malpractice action at the time of Mr. Mercer's death. Mrs. Mercer was permitted under R.C. 2125.01 to assert claims of damages due to the alleged wrongful death. Prior to the decedent's passing, there is no way for her to have brought the wrongful death cause of action as the claim was not ripe. *Klema,* 170 Ohio St. at 521, quoting *Iron Mountain* at 658; *see also Mansour* at ¶ 35, citing *Karr* (writing that a wrongful death action is an independent claim for relief, independent of that held by a decedent immediately prior to death").[14] The *Mercer* court's interpretation, which barred the wrongful death claim under the four-year statute of repose conflicts with R.C. 2151.01. Such a preclusion when the *Mercer* plaintiffs were actively litigating the case was not the type of prejudice R.C. 2305.113 was enacted to prevent. *Giannobile*, Franklin C.P. No. 15CV-1854, at 13. Accordingly, the interpretation of the statute of repose by the Third and Fifth District Courts of Appeals not only ignores the General Assembly's limited statute of repose in the wrongful death context, but it is in contravention of the plain language of R.C. 2125.01.

{¶ 51} In the case sub judice, Mr. Everhart died on October 28, 2006. Appellant brought her wrongful death claim on January 25, 2008. As the medical malpractice statute of repose, set forth in R.C. 2305.113(C), does not apply in this case, the trial court erred in finding appellant was barred from pursuing her wrongful death claim.

{¶ 52} Appellant's sole assignment of error is sustained.

**B. Everhart's Second Assignment of Error**

{¶ 53} In appellant's second assignment of error, she argues that the trial court erred in denying her motion for leave to file a third amended complaint. Appellant argued that leave should be granted so that she may supplement the record to establish the timeline of events that the statute of repose was not implicated. It is well-established law that a

---

[14] *See also Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994):

[T]he wrongful death action does not even arise until the death of the injured person. It follows, therefore, that the injured person cannot defeat the beneficiaries right to have a wrongful death action brought on their behalf because the action has not yet arisen during the injured person's lifetime. Injured persons may release their own claims; they cannot, however, release claims that are not yet in existence and that accrue in favor of persons other than themselves.

reviewing court will generally not address issues that are deemed moot. *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 16. " 'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' " *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, ¶ 11, quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). A case is considered moot if "they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Internal quotations and citations omitted.) *Doran v. Heartland Bank*, 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 12. It is not the function of a reviewing court to address purely academic or abstract questions. *Id.* at ¶ 13, citing *James A. Keller, Inc.* at 791. If an appeal is considered moot, the case must be dismissed because it no longer presents a justiciable controversy. *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11.

{¶ 54} After careful review of the evidence, we find appellant's argument no longer presents a live, justiciable controversy as the statute of repose does not preclude appellant from proceeding with a wrongful death claim. Accordingly, appellant's motion for leave to file a third amended complaint is therefore moot.[15]

## IV. CONCLUSION

{¶ 55} Having sustained appellant's first assignment of error and found appellant's second assignment of error moot, we reverse and remand this case to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed; cause remanded.*

KLATT and DORRIAN, JJ., concur.

_____

---

[15] We note that appellees have provided *Pollack v. Britt*, 8th Dist. No. 110489, 2021-Ohio-3820, as supplemental authority in this case. In *Pollock*, the Eighth District Court of Appeals affirmed the trial court's decision to grant a motion for summary judgment that a dental malpractice claim was barred under the four-year statute of repose pursuant to R.C. 2305.113(C). While consistent with outstanding Supreme Court of Ohio case law extensively discussed in this decision, *Pollack* is distinct from the instant case as it does not address the application of a statute of repose to the wrongful death statute. The *Pollack* court also addressed an argument presented in appellant's second assignment of error that ongoing negligent acts or omission by the defendant avoided the application of the statute of repose. Because we are sustaining appellant's first assignment of error, and therefore deeming the second assignment of error moot, we decline to address the *Pollack* court's analysis on this issue.